UNITED STATES OF AMERICA,

    Plaintiff,

    v.
JASON BUI,
KHANE SISONGKHAM                          Case No. 09-Cr-91
 a/k/a TOO SHORT,
OSCAR RODRIGUEZ, JR.,
ALBERTO E. RODRIGUEZ and
DEREK L. WEAVER,

    Defendants.

**MAGISTRATE JUDGE'S RECOMMENDATION TO THE
HONORABLE CHARLES N. CLEVERT
RE: DEFENDANT SISONGKHAM'S MOTION TO SUPPRESS EVIDENCE**

**NATURE OF CASE**

On April 7, 2009, a federal grand jury sitting in this district returned a two-count indictment against the above-named defendants. On May 5, 2009, it returned a four-count superseding indictment against the defendants. Count One of the superseding indictment charges all of the defendants with conspiracy to possess with intent to distribute and distribute a controlled substance containing marijuana, a Schedule 1 controlled substance, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. Count Two charges all of the defendants, with the exception of defendant Derek Weaver, with possessing with intent to distribute a mixture and substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) "and *Pinkerton v. United States,* 328 U.S. 640 (1976)" (sic).[1] Defendant Alberto E. Rodriguez is

---

[1] This case actually was decided in 1946.

charged in Count Three with possession with intent to distribute a mixture and substance containing marijuana and he is charged in Count Four with possession with intent to distribute a mixture and substance containing cocaine.

Pursuant to the defendant's request for an extension of time to file pretrial motions, on May 8, 2009, defendant Khane Sisongkham filed a motion to suppress evidence on the ground that the warrant application fails to establish probable cause. (Docket #41). This motion will be addressed herein.

## **MOTION TO SUPPRESS**

In moving to suppress evidence, defendant Sisongkham asserts that the affidavit in support of the search warrant fails to establish probable cause to believe that contraband would be found on January 22, 2009, during the search of the residence at 6401 N. 40th Street, Milwaukee, Wisconsin. The defendant seeks suppression of the evidence seized during the search, as well as suppression of his statement given the following day while in police custody.

Specifically, defendant Sisongkham contends that the affidavit in support of the warrant fails to establish the reliability of the confidential informant and the informant's basis of knowledge that the defendant Sisongkham was in possession of a large quantity of marijuana at the residence within the seven days prior to the issuance of the warrant. In addition, defendant Sisongkham asserts that there was no probable cause to believe that marijuana would still be at the residence at the time of the search and, given the dearth of information in the affidavit, the good faith exception articulated by the Supreme Court in United States v. Leon, 468 U.S. 897, 924 (1984) does not apply.

The government opposes the motion. The government acknowledges that the affidavit is not very detailed and does not contain information about whether the informant acquired knowledge about the marijuana through personal observation. Nonetheless, the government maintains that the warrant is supported by probable cause because the police corroborated information about defendant Sisongkham's membership in a street gang and conducted a garbage search on the day before the issuance of the warrant which resulted in the recovery of 18 grams of marijuana from 24 cellophane wrappers.

## ANALYSIS

Probable cause sufficient to support a search warrant exists where "the known facts and circumstances are sufficient to warrant a person of reasonable prudence in the belief that contraband or evidence of a crime will be found." Ornelas v. United States, 517 U.S. 690, 696 (1996). When those "known facts and circumstances" used to support a finding of probable cause are derived from a confidential informant, the legitimacy of a probable cause determination turns on the confidential informant's "reliability, veracity and basis of knowledge." United States v. Olson, 408 F.3d 366, 370 (7th Cir. 2005) (quoting United States v. Johnson, 289 F.3d 1034, 1038 [7th Cir. 2002]).

To assess the credibility of an informant, the court should consider: 1) the extent to which the police corroborated the informant's statements; 2) the degree to which the informant acquired knowledge of the events through first-hand observation; 3) the amount of detail provided; and 4) the interval between the date of the events and the police officer's application for the warrant. United States v. Sims, 551 F.3d 640, 644 (7th Cir. 2008) (citing United States v. Jones, 208 F.3d 603, 609 [7th Cir. 2000]); United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002); see also, Olson, 408 F.3d at 370; Johnson, 289 F.3d at 1038-39. In addition, the

- 3 -

court should "consider whether the informant personally appeared and presented an affidavit or testified before the magistrate, thus allowing the judge to evaluate the informant's knowledge, demeanor or sincerity." Sims, 551 F.3d at 644 (citing United States v. Lloyd, 71 F.3d 1256, 1263 [7th Cir 1995]); Olson, 408 F.3d at 370. No single factor is determinative. Rather, "a deficiency in one factor may be compensated for by a strong showing in another or by some other indication of reliability." United States v. Peck, 317 F.3d 754, 756 (7th Cir. 2003) (quoting United States v. Brack, 188 F.3d 748, 756 [7th Cir. 1999]).

In determining whether probable cause exists to support a search warrant, the judge must consider the totality of the circumstances. United States v. Brack, 188 F.3d 748, 755 (7th Cir. 1999) (citing Illinois v. Gates, 462 U.S. 213, 238 [1983]). "The task of the issuing magistrate is simply to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Newsom, 402 F.3d 780, 782 (7th Cir. 2005) (quoting Illinois v. Gates, 462 U.S. 213, 238 [1983]).

"Probable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." Peck, 317 F.3d at 756. "Probable cause denotes more than mere suspicion, but does not require certainty." United States. v. McNeese, 901 F.2d 585, 592 (7th Cir. 1990) (quoting United States v. Ellery, 678 F.2d 674, 677 [7th Cir. 1982]).

"Probable cause does not require direct evidence linking a crime to a particular place. Instead, issuing judges are entitled to draw reasonable inferences about where evidence is

likely to be found given the nature of the evidence and the type of offense." United States v. Anderson, 450 F.3d 294, 303 (7th Cir. 2006) (internal quotation marks and citations omitted). Thus, a judge making a probable cause determination need not determine that the evidence sought is in fact on the premises to be searched or that the evidence is more likely than not to be found where the search occurs. Rather, the magistrate judge "need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." United States v. Curry, 538 F.3d 718, 729 (7th Cir. 2008) (quoting United States v. Sleet, 54 F.3d 303, 306 [7th Cir. 1995]).

It is well established that a facially valid warrant issued by a neutral, detached magistrate judge will be upheld if the police relied on the warrant in good faith. The decision to seek a search warrant is prima facie evidence that an officer was acting in good faith. United States v. Wiley, 475 F.3d 908, 917 (7th Cir. 2007) (citing United States v. Koerth, 312 F.3d 862, 866 [7th Cir. 2002]); Peck, 317 F.3d at 757. "The defendant must defeat this presumption with evidence that the issuing magistrate judge wholly abandoned his judicial role or that the officer's affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Wiley, 475 F.3d at 917.

In this case, City of Milwaukee Police Officer Juan Duran applied for a no-knock warrant to search defendant Sisongkham's residence at 6401 N. 40th Street for marijuana, drug-related paraphernalia, records and other items. In the affidavit, Officer Duran avers that a confidential informant, who wanted to remain anonymous, advised him that defendant Sisongkham resided at 6401 N. 40th Street and that within the prior seven days, the defendant was in possession of a large quantity of marijuana at that residence. The informant further advised that defendant Sisongkham was a member of an Asian street gang known as the
- 5 -

Young and Dangerous and that the defendant was known to possess firearms. The informant identified defendant Sisongkham from a photo array as the person residing at 6401 N. 40th Street.

As to the informant's reliability, Officer Duran averred that the informant had given him information in the past which corroborated information received from other confidential informants and police reports and which has resulted in the arrest of several defendants wanted on felony warrants. Office Duran stated that although the informant has prior criminal convictions, the informant was not currently charged with any criminal offense in Milwaukee County.

Officer Duran further averred that a garbage search was conducted on trash obtained from defendant Sisongkham's residence on January 21, 2009, by City of Milwaukee Sanitation Department workers under the direction of the affiant. During a search of that garbage, 24 clear plastic cellophane wraps containing 18 grams of a green plant-like substance residue, which subsequently tested positive for THC, was discovered inside a black 30 gallon garbage bag.

Although the affidavit does not indicate whether the informant obtained his information about defendant Sisongkham from first-hand observation, that factor alone is not determinative. See Peck, 317 F.3d at 756. Here, law enforcement officers were able to corroborate the informant's information about the defendant's membership in a specific Asian street gang through a review of police records and the informant's identification of the defendant's residence through records obtained during the garbage search of the residence. The informant told Officer Duran that the defendant possessed drugs at his residence and this

- 6 -

information was clearly supported by the discovery of 24 bags containing marijuana residue found in the defendant's garbage a day before the search warrant was executed.

There is no dispute that more detailed information about the informant's basis of knowledge would have provided stronger support for issuance of the search warrant. The defendant maintains that it was not reasonable to conclude that marijuana would be found in the residence because the discarded packing materials found in the garbage search supports the reasonable inference that marijuana was no longer in the residence. Contrary to the defendant's contention, this is not the only reasonable conclusion. There is no indication of the amount of marijuana the defendant had at his residence within the seven days prior to the search warrant execution. Based on the information presented to the issuing state court commissioner, it was reasonable to conclude that some marijuana would still be in the residence. A judicial officer need not determine that the evidence is in fact in the place to be searched, but must only conclude that it would be reasonable to seek the evidence at the location of the search. Sleet, 54 F.3d at 306.

Considering the totality of the circumstances, including the information from the confidential informant, along with the marijuana and marijuana packaging material found during the garbage search of the defendant's residence, the court commissioner had a substantial basis for concluding that the search would uncover evidence of wrongdoing. See Gates, 462 U.S. at 236 (quoting Jones v. United States, 362 U.S. 257, 271 [1960]). Given the court's conclusion, it need not address defendant Sisongkham's contention that the interrogation of him is subject to suppression as "fruit of the poisonous tree." Wong Sun v. United States, 371 U.S. 471, 487 (1963).

- 7 -

Case 2:09-cr-00091-PP   Filed 05/27/09   Page 7 of 9   Document 60

Moreover, even if the court was to conclude that the affidavit did not establish probable cause that evidence of a crime would be found at the residence, suppression of the evidence is not warranted. In Leon, 468 U.S. at 926, the Supreme Court held that an officer's good faith reliance on a court's determination of probable cause should not lead to the exclusion of probative evidence simply because a reviewing court later determined that probable cause was lacking. Thus, a facially valid warrant issued by a neutral, detached magistrate will be upheld if the police relied on the warrant in good faith. Id. The Court explained: "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were reckless or dishonest in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Id.

Defendant Sisongkham contends that Officer Duran, who had worked in law enforcement for the past 15 years, could not reasonably conclude that the search warrant was supported by probable cause. As noted, Officer Duran's decision to obtain a search warrant is prima facie evidence that he was acting in good faith. Moreover, the court cannot conclude that his "affidavit was so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable." Wiley, 475 F.3d at 917. Therefore, the court concludes that defendant Sisongkham has failed to rebut the presumption that Officer Duran was acting in good faith when he applied for the search warrant.

In sum, for the reasons stated herein, the court will recommend to United States District Judge Charles N. Clevert that defendant Sisongkham's motion to suppress evidence be denied. (Docket # 41).

## **CONCLUSION**

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant Khane Sisongkham's motion to suppress evidence warrant application fails to establish probable cause. (Docket #41).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 27th day of May, 2009.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge